UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS VERDELL HENDERSON,<br><br>Petitioner,<br><br>v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA; CDCR,<br><br>Respondents. | No. 2:20-cv-1407 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed a motion to proceed in forma pauperis. ECF No. 2. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis, ECF No. 2, will be granted. See 28 U.S.C. § 1915(a).

I. Petition

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writs of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Advisory Committee Notes to Rule 4 provide that "it is the duty of the court to screen out

frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Rule 4, Advisory Committee Notes (1976 Adoption) (citation omitted).

In the instant case, petitioner challenges his January 7, 2019 conviction for violations of Cal. Penal Code § 451(c) (arson of a structure or forest land, or property), Cal. Penal Code § 243(b) (battery of an officer), and Cal. Penal Code § 148(a)(1) (resisting, delaying, or obstructing of arrest). ECF No. 1 at 1. Petitioner has appealed his conviction to the California Court of Appeal, Third Appellate District. Id. at 2. That appeal remains pending. Id. Petitioner's appellate issues have not yet been presented to the California Supreme Court, however. Id. No applications for state collateral relief have been filed. Id. at 3.

### A. Petitioner Has Not Exhausted His State Court Remedies

Before filing a federal petition for writ of habeas corpus under 28 U.S.C. § 2254, a state inmate must exhaust his state court remedies. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The exhaustion "requirement serves to minimize friction between federal and state courts by allowing the state an initial opportunity to pass upon and correct alleged violations of a petitioner's federal rights, and to foster increased state court familiarity with federal law." Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). The exhaustion requirement is thus a matter of federal-state comity rather than jurisdiction. See Granberry v. Greer, 481 U.S. 129 (1987). When presented with a wholly unexhausted federal habeas corpus petition, a federal district court must dismiss the petition pending the exhaustion of state court remedies. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001).

Because petitioner has not yet presented any of his grounds for relief to the highest state court, the petition is unexhausted and must be dismissed without prejudice. Petitioner must complete the state court process, and present all his federal constitutional claims to the California

Supreme Court, before seeking relief here.

      B.  *Younger* Abstention Prohibits Federal Court Involvement During the Pendency of Petitioner's Appeal

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. Proceedings are deemed on-going for purposes of Younger abstention until state appellate review is completed. Gilbertson v. Albright, 381 F.3d 965, 969 n.4 (9th Cir. 2004). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008) (citations and footnote omitted).

Younger abstention is required when the following requirements are met:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

Id. at 1092 (citations omitted). This principle applies equally to appellate and trial proceedings. Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975).

At the time petitioner filed the instant motion, direct review was still pending before the California Court of Appeal. See ECF No. 1 at 2. "'Final judgment in a criminal case means sentence. The sentence is the judgment,'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)), and in the habeas context, "judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). Accordingly, state proceedings are still ongoing and petitioner's judgment is not yet final, satisfying the first requirement for Younger abstention.

The second requirement for Younger abstention is also met because "state criminal proceedings implicate important state interests." Lazarus v. Baca, 389 F. App'x 700, 701 (9th Cir. 2010) (citing Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44). Finally, there is no indication that petitioner has been

barred from pursuing his constitutional claims in state court, and allowing him to proceed in federal court before the conclusion of his state court proceedings would constitute the kind of interference of which Younger disapproves. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough.").

For these reasons, Younger abstention is required.

II.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

III.    Conclusion

Accordingly, IT IS HEREBY ORDERED that:

(1)  Petitioner's motion to proceed in forma pauperis, ECF No. 2, is granted.

(2)  The Clerk of Court is directed to substitute Acting Warden Jeff Lynch as the respondent in this case[1].

(3) The Clerk of the Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1.  Petitioner's application for a writ of habeas corpus be dismissed without prejudice.

---

[1] A federal petition for writ of habeas corpus must name as respondent the state officer having custody of the petitioner. See 28 U.S.C. § 2254; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts; Smith v. Idaho, 392 F.3d 350, 354-55 (9th Cir. 2004); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Accordingly, Jeff Lynch, Acting Warden of California State Prison, Sacramento, is substituted as respondent herein.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 21, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE